UNITED STATES of America,
Plaintiff—Appellee,

v.

Jerry Lee MORGAN, Defendant—
Appellant.

No. 01–10550.

D.C. No. CR–99–00001–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2002 *.

Decided April 29, 2002.

Before GOODWIN, GRABER, and
PAEZ, Circuit Judges.

MEMORANDUM **

In a published opinion, we affirmed De-
fendant Jerry Lee Morgan's convictions
but, on the government's cross-appeal, re-
versed and remanded for resentencing.
*United States v. Morgan*, 238 F.3d 1180
(9th Cir.), *cert. denied*, —— U.S. ——, 122
S.Ct. 146, 151 L.Ed.2d 97 (2001). This
second appeal follows the resentencing.

Defendant argues that the district court
erred as a matter of law when it interpret-
ed and applied U.S.S.G. § 2B3.1 (2000).[1]

Defendant was convicted of both kidnap-
ping and carjacking. The guideline for
kidnapping is § 2A4.1; the guideline for
carjacking is § 2B3.1. The carjacking
guideline determines Defendant's offense
level because that guideline (a) includes an
adjustment for kidnapping and (b) recom-
mends a higher offense level than the kid-
napping guideline. *See* U.S.S.G.
§ 2A4.1(b)(7)(A).

As we explained in our earlier opinion, if
the victim of a carjacking sustains bodily
injury that is "permanent or life-threaten-
ing," a six-level increase in the offense
level is warranted. *Morgan*, 238 F.3d at
1187; U.S.S.G. § 2B3.1(b)(3)(C). Defen-
dant argues that application note 5 to
U.S.S.G. § 1B1.3 precludes the use of the
six-level increase. However, application
note 5 pertains only to "a risk or danger of
harm," as distinct from "harm sustained."
U.S.S.G. § 1B1.3, cmt. n. 5. Here, actual
harm was sustained, so application note 5
has no bearing on an assessment of the
extent of the actual harm. When a person
has suffered actual harm so great that it
presents "a substantial risk of death,"
U.S.S.G. § 1B1.1, cmt. n. 1(h), that is not a
mere "risk or danger of harm," U.S.S.G.
§ 1B1.3, cmt. n. 5; rather, it is actual
severe harm.

To the extent that Defendant argues
that the district court's factual findings are
clearly erroneous, we likewise are unper-
suaded. The evidence supports the find-
ing that Defendant's maltreatment of the
victim involved a substantial risk of death.

AFFIRMED.

---

* This panel unanimously finds this case suit-
able for decision without oral argument.
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

1. We refer throughout to the version in effect
on November 1, 2000.